IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HIRSH, | No. C 04-0413 CW |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT UNDER RULE 52 |
|   v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; ROSS STORES, INC. LONG TERM DISABILITY PLAN; and DOES 1 through 30, et al.; | |
|     Defendants. | |

    Plaintiff Michael Hirsh moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment that he is entitled to long term disability benefits under Defendant Ross Stores, Inc. Long Term Disability Plan, which is administered by Defendant Life Insurance Company of North America (LINA). Defendants oppose the motion and move for judgment under Federal Rule of Civil Procedure 52. The matter was heard on June 10, 2005. Having considered the parties' papers, the evidence cited therein and oral argument on the motions, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for judgment under Rule 52.

BACKGROUND[1]

---

[1] Except where otherwise noted, the following facts are undisputed and are taken from Plaintiff's administrative claim file.

Plaintiff was hired as a senior systems analyst by Ross Stores, Inc. (Ross) in April, 2000. Prior to working for Ross, Plaintiff had a documented history of chronic headaches, depression and ischemic attacks.

As a Ross employee, Plaintiff was covered by an employee welfare benefit plan, as that term is defined by the Employee Retirement Income Security Act (ERISA), which was issued by LINA. Plaintiff was covered by group policy number LK-030075 (Policy), which, along with several attached documents, purported to constitute the entire benefits contract between Plaintiff and his employer. The Policy pays benefits for up to thirty-six months if an insured becomes unable to perform his job duties because of sickness or injury. Long term disability benefits are paid beyond thirty-six months if the insured person cannot thereafter perform the material duties of any job because of the sickness or injury. Employees are eligible for coverage under the Policy as long as they are in active service with the company, which generally means that they must be working on a full-time basis. The Policy also provides for a ninety-day waiting period for receiving benefits.

In addition to the Policy, Ross issues an annual summary plan description (SPD), which purports to explain both the group plan benefits and the employees' rights under ERISA. The SPD was not attached to the Policy and is not included in the administrative file. The SPD, <u>inter alia</u>, grants LINA discretion to interpret the terms of the Policy. Neither the Policy nor the documents attached to it grant such discretion to

2

LINA.

On or about July 16, 2002, Plaintiff stopped going to work. He did not thereafter return. On or about November 4, 2002, Plaintiff submitted to LINA a claim for long term disability benefits. In a letter dated November 5, LINA informed Plaintiff that it was his responsibility as well as the responsibility of his treating physicians to submit all relevant medical information necessary to support his claim. On November 12, Dr. Schwartz, Plaintiff's treating physician at that time, diagnosed him with bilateral carpal tunnel syndrome. LINA learned of Dr. Schwartz's diagnosis no later than December 6, 2002. However, despite several requests that he do so, Plaintiff failed to submit to LINA before its deadline a Disability Proof of Loss. Noting that Plaintiff had failed to submit this critical document, and also noting that the only medical information that it had been able to obtain from Plaintiff was Dr. Schwartz's diagnosis, LINA denied Plaintiff's claim for long term disability benefits on December 23, 2002.

Plaintiff finally submitted his Disability Proof of Loss on or shortly after December 29, 2002. In that document, Plaintiff cited only the following disabling condition: "Unspecified surgery: severe carpal tunnel syndrome on both arms. Severe pain in arms and wrists, numbness in fingers." Plaintiff also stated that, at the time, he was prevented from working by orders from Dr. Jayaram, whom he had began seeing in September, 2002. On January 13, 2003, Plaintiff appealed LINA's denial of his benefit claim; in his appeal letter, Plaintiff acknowledged

3

that he had failed to submit timely the required medical information to support his initial claim.  Plaintiff was represented by counsel in his appeal.

In processing Plaintiff's appeal, LINA reviewed medical information from four treating physicians: Drs. Lin, Jayaram, Schwartz and Bhakta.  On June 7, 2002, just before Plaintiff had stopped working, Dr. Lin, Plaintiff's neurologist, had documented that Plaintiff was experiencing numbness and a tingling sensation in his hands.  On July 25, 2002, shortly after Plaintiff had stopped working, Dr. Lin wrote that Plaintiff's condition was improving.  On that same date, Dr. Lin also noted that Plaintiff informed him that he had suffered a panic attack and had been placed on disability by his treating psychologist/psychiatrist.  There is no record in the administrative file of any physician placing Plaintiff on disability at that time.  A note in the file from Dr. Bhakta, Plaintiff's treating psychologist/psychiatrist since 1999, does report that Plaintiff had been unable to work due to psychiatric illness, but only starting February 26, 2003.

As part of the peer review portion of the appeal process, all of Plaintiff's medical records were reviewed by Dr. Nettrour, a board-certified orthopedic surgeon.  Dr. Nettrour opined that Plaintiff's diagnosis of carpal tunnel syndrome was supported by the documented symptoms and testing.  He also noted that Plaintiff had undergone surgery for his right carpal tunnel on March 14, 2003.  Following Plaintiff's surgery, Dr. Schwartz ordered him off work until May 1, 2003.  However, as noted by

4

Dr. Nettrour in his peer review, there is no record in the administrative file of any treating physician ordering Plaintiff off work, for any reason, in July, 2002 or during the subsequent ninety-day benefit waiting period.  As a result of this finding, on April 30, 2003, LINA affirmed its denial of Plaintiff's claim for long term disability benefits.

On August 6, 2004, the Court held a case management conference; Plaintiff did not make an appearance.  At the conference, the Court ruled that the matter would be decided on Rule 52 cross-motions based upon the evidence contained in the administrative record.  See Kearney v. Standard Ins. Co., 175 F.3d 1084, 1095 (9th Cir. 1999).  Thus, Plaintiff's motion for summary judgment will be treated as a Rule 52 motion, and Defendants' motion as a cross-motion.

## LEGAL STANDARD

ERISA provides Plaintiff with a federal cause of action to recover the benefits he claims are due under the Plan.  29 U.S.C. § 1132(a)(1)(B).  The standard of review of a plan administrator's denial of ERISA benefits depends upon the terms of the benefit plan.  Absent contrary language in the plan, the denial is reviewed under a de novo standard.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  However, if "the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms," an abuse of discretion standard is applied.  Id.; Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1471 (9th Cir. 1993).  The Ninth Circuit has also referred

5

to this as an "arbitrary and capricious" standard. <u>McKenzie v. Gen. Tel. Co. of Cal.</u>, 41 F.3d 1310, 1314 & n.3 (9th Cir. 1994); <u>Taft</u>, 9 F.3d at 1471 n.2 (use of the term "arbitrary and capricious" versus "abuse of discretion" is a "distinction without a difference").

## DISCUSSION

### I. Standard of Review

Plaintiff contends that, because the Policy did not give LINA discretionary authority to construe terms of the health plan, the Court should review the denial of benefits <u>de novo</u>. Defendants argue that the applicable SPD gives LINA discretionary authority; thus, the Court should review the denial using an "abuse of discretion" standard.

Plaintiff cites <u>Grosz-Salomon v. Paul Revere Life Ins. Co.</u>, 237 F.3d 1154 (9th Cir. 2001), in support of his argument for <u>de novo</u> review. In <u>Grosz-Salomon</u>, the plaintiff signed a policy that did not expressly confer discretionary authority to the insurer, but a subsequent "Benefit Summary" prepared by the insurer and distributed by the employer purported to do so. <u>Id.</u> at 1157. The Ninth Circuit ruled that the subsequent plan summary language was invalid. That was true, according to the court, because (1) the initial policy purported to be fully integrated, and (2) the summary was not an amendment because it failed to conform with policy provisions describing amending the plan. <u>Id.</u> at 1161.

6

Here, as in Grosz-Salomon, the Policy purports to be fully integrated. Additionally, the SPD does not comport with the Policy's provisions regarding amending. Specifically, according to the Policy, amendments must be approved by an executive officer of LINA. Here, the SPD was prepared and distributed by Ross, and there is no evidence that it was ever approved by anybody at LINA.

Defendants attempt to distinguish Grosz-Salomon from the facts in this case. First, Defendants argue that it is significant that Ross, and not LINA, issued the SPD. That argument is not persuasive. Defendants' argument that the SPD and the Policy do not conflict is similarly unpersuasive. The case law is clear that, absent express language in the Policy conferring discretionary authority to the insurer, denials of benefits are reviewed de novo. Firestone, 489 U.S. at 115. There is no dispute here that the Policy confers no such authority.

In support of his argument for de novo review, Plaintiff also cites an opinion letter, dated February 26, 2004, from the general counsel for the California Insurance Commissioner.[2] That letter, according to Plaintiff, purported to invalidate discretionary clauses like the one at issue here. However, even if such opinion letters were binding on the Court, the letter cited by Plaintiff only operates, by its own terms, prospectively. Ex. 3 to Pl.'s Req. for Judicial Notice; see

---

[2] The Court GRANTS Plaintiff's request for judicial notice in support of his motion for summary judgment (Docket No. 29).

7

1  also <u>Firestone v. Acuson Corp. Long Term Disability Plan</u>, 326 F.
2  Supp. 2d 1040, 1050-51 (N.D. Cal. 2004).  Plaintiff does not
3  argue, nor does he cite any authority suggesting, otherwise.
4      For the foregoing reasons, it appears that a <u>de novo</u> review
5  standard is appropriate in this case.  However, it is
6  unnecessary to state a legal conclusion as to which standard the
7  Court must apply because Plaintiff is not entitled, even under a
8  <u>de novo</u> review of the administrative file, to long term
9  disability benefits.  Thus, regardless of which standard the
10 Court applies, Plaintiff cannot prevail.
11 II.  <u>De Novo</u> Review
12     There is no evidence in the administrative file or
13 otherwise cited in Plaintiff's papers supporting his assertion
14 that he was disabled on or around July 16, 2002, or at any time
15 during the subsequent ninety-day benefit waiting period.
16 Plaintiff maintains that there is no record in the
17 administrative file that he was placed on disability at that
18 time because Defendants failed to investigate his claim
19 adequately.  He now contends that Dr. Cooper, a psychologist who
20 is listed among Plaintiff's treating physicians in the
21 Disability Proof of Loss, placed him on disability for
22 psychiatric conditions that were exacerbated by the onset of
23 carpal tunnel syndrome.
24     However, in his Disability Proof of Loss, the only
25 disabling condition that Plaintiff claimed was carpal tunnel
26 syndrome, and the treating physician that he claimed ordered him
27 to stop working was Dr. Jayaram.  Plaintiff is correct that,

8

under Title 29 U.S.C. section 1133(2), he is entitled to a "full and fair review" of his benefit claim.  But, if Plaintiff considered the medical information that LINA had to be insufficient, he was obliged to provide LINA with information that could support his claim for benefits.  See Kearney, 175 F.3d at 1091.  That is especially true if, as Plaintiff now contends, he misidentified, in his Disability Proof of Loss, both his disabling condition and the treating physician who ordered him to stop working.  Moreover, Plaintiff was represented by counsel in his appeal, and yet he nevertheless failed to submit proof that he was placed on disability by any physician in July, 2002.  Notably, Plaintiff does not, and cannot, dispute that it was his burden to provide sufficient proof of disability.

There is evidence in the administrative file to support a claim that Plaintiff was disabled as of February 26, 2003 due to mental illness, and from March 14 to May 1, 2003 due to surgery for carpal tunnel syndrome.  However, as Defendants note, Plaintiff was no longer eligible for benefits at either time because he had stopped working for Ross in July, 2002.

Because there is no evidence in the record that Plaintiff was disabled when he stopped working or at any time during the subsequent ninety-day waiting period, LINA's denial of his claim for long term disability benefits was appropriate.  Thus, the denial of Plaintiff's claim for benefits withstands both de novo and abuse of discretion standards of review.

CONCLUSION

1    For the foregoing reason, the Court DENIES Plaintiff's
2 motion for summary judgment (Docket No. 27) and GRANTS
3 Defendants' motion for judgment under Federal Rule of Civil
4 Procedure 52 (Docket No. 37).  Plaintiff's request for judicial
5 notice in support of his motion for summary judgment (Docket No.
6 29) is GRANTED.  The clerk shall enter judgment and close the
7 file.  All parties shall bear their own costs.
8    IT IS SO ORDERED.

10 Dated: 6/21/05                   /s/ CLAUDIA WILKEN
                                   CLAUDIA WILKEN
11                                 United States District Judge